09-4876-ag
Satyawardana v. Holder

BIA
Balasquide, IJ
A096 266 158

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand ten.

PRESENT:
    JOHN M. WALKER, JR.,
    PETER W. HALL,
    DENNY CHIN,
        *Circuit Judges.*

―――――――――――――――――――――――――――――――――――

SATYAWARDANA,
        *Petitioner*,

    v.                                    09-4876-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

―――――――――――――――――――――――――――――――――――

FOR PETITIONER:          Law Offices of Jack Herzig, Glenside
                         Pennsylvania.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Christopher C. Fuller,
                         Senior Litigation Counsel; Charles
                         S. Greene, III, Trial Attorney,

**Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Satyawardana, a native and citizen of Indonesia, seeks review of an October 29, 2009, decision of the BIA affirming the January 24, 2008, decision of Immigration Judge ("IJ") Javier E. Balasquide denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Satyawardana*, No. A096 266 158 (B.I.A. Oct. 29, 2008), *aff'g* No. A096 266 158 (Immig. Ct. N.Y. City Jan. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Satyawardana claims that the agency failed to consider the cumulative effect of the harm he suffered in denying his application for withholding of removal. When determining whether an applicant has demonstrated persecution, the agency must view events cumulatively, rather than addressing the severity of each event in isolation and must do more than simply assert that it has looked at events in the aggregate. *See Manzur v. DHS*, 494 F.3d 281, 290 (2d Cir. 2007); *see also Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). Here, although the agency analyzed each incident separately, it also considered the cumulative effect of the various incidents, weighing the overall harassment, discrimination, and attacks Satyawardana faced along with the facts that he was able to obtain an education and maintain a career and that he suffered no incidents of mistreatment for more than one year before he departed

2

Indonesia.  *See Manzur*, 494 F.3d at 290.  The agency did not err, moreover, in concluding that the harm and discrimination Satyawardana suffered, including an alleged beating by fellow school children when he was eight years old, did not rise to the level of persecution even when considered cumulatively with the other harm suffered.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006).

With respect to Satyawardana's claimed fear of future harm, the agency did not err in determining that Satyawardana failed to present sufficient evidence that he would more likely than not be persecuted upon returning to Indonesia.  The IJ reasonably relied on evidence of country conditions in the record to make that determination, finding that in Indonesia most of the population enjoy a high degree of freedom, government officials are working to reduce ethnic tensions, and Christians make up a significant percentage of the Indonesian population.  In addition, the agency reasonably relied on the fact that Satyawardana's family members, who are also Chinese and Christian, continue to live in Indonesia without incident.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  The agency also did not err in determining that Satyawardana failed to establish that a pattern or practice of persecution against Chinese Christians exists in Indonesia.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

Because the agency reasonably determined that Satyawardana failed to demonstrate past persecution, an individualized likelihood of persecution, or a pattern or practice of persecution, the agency did not err in denying Satyawardana's application for withholding of removal.  *See* 8 C.F.R. § 1208.16(b).  Satyawardana withdrew before the agency his application for asylum, and waives before this Court any challenge to the agency's determination that he failed to establish his eligibility for CAT relief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

3

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk